**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert A Doane, | No. CV-24-00130-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Conversion Kings LLC, et al., | |
| Defendants. | |

    Before the Court is Defendant Conversion Kings LLC Notice of Filing Bankruptcy (Doc. 4) and the parties' supplemental briefing (Docs. 9, 11, 12) on whether this action falls under the automatic stay provision of 11 U.S.C. § 362(a).

    The automatic stay under Section 362 of the United States Bankruptcy Code applies to the claims against Defendant Conversion Kings LLC. *See* 11 U.S.C. § 362(a). This automatic stay, however, does not extend to Plaintiff's claims against the remaining Defendants, Michael W. Muhlethaler and Francis J. Wood, IV. *See In re Chugach Forest Prods., Inc.*, 23 F.3d 241, 246 (9th Cir. 1994) ("As a general rule, the automatic stay of section 362(a) protects only the debtor, property of the debtor or property of the estate. It does not protect non-debtor parties or their property. Thus, section 362(a) does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor." (cleaned up)). Further, the Court "does not have the jurisdiction to extend the stay to a non-debtor party." *Placido v. Prudential Ins. Co. of Am.*, 2010 WL 334744, at *1 (N.D. Cal. Jan. 21, 2010) ("In order to apply the automatic stay outlined in

11 U.S.C. § 362 to a non-debtor party, the bankruptcy court must issue an extension of the stay under its jurisdiction."). A party seeking to extend the stay to co-defendants or others must affirmatively seek an order from the bankruptcy court. *Totten v. Kellogg Brown & Root, LLC*, 152 F. Supp. 3d 1243, 1268 (C.D. Cal. 2016).

Accordingly,

**IT IS ORDERED** staying this case against Defendant Conversion Kings LLC only.

**IT IS FURTHER ORDERED** that the stay does not apply to Defendants Michael W. Muhlethaler and Francis J. Wood, IV, and as such, all deadlines related to the claims against Mr. Muhlethaler and Mr. Wood are affirmed.

**IT IS FINALLY ORDERED** that Plaintiff must, by no later than May 13, 2024, either dismiss his claims against Conversion Kings LLC without prejudice to peruse the claims in bankruptcy court or file a motion in the bankruptcy court to lift the automatic stay to permit the claims against Conversion Kings LLC to proceed in this Court. Failure to do so may result in an involuntary dismissal by the Court pursuant to Federal Rule of Civil Procedure 41(b). The Court notes that it is not inclined to grant an indefinite stay of Plaintiff's claims against Conversion Kings LLC. Ultimately, Plaintiff is required to prosecute this case. *See O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1110-11 (9th Cir. 2006) (concluding stay did not preclude dismissal of case against debtor based on plaintiff's failure to prosecute).

Dated this 12th day of March, 2024.

Michael T. Liburdi
United States District Judge